NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY VALLEJOS-SALAZAR, | No. 24-4165 |
| Petitioner, | Agency No. A200-883-390 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025**
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Nancy Jessica Vallejos-Salazar, a native and citizen of Peru, seeks review of

a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal

from an order of an Immigration Judge ("IJ") denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review the agency's factual findings for substantial evidence and must uphold them unless the evidence compels a contrary conclusion. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We deny the petition.

1.     The BIA determined that Vallejos-Salazar did not meaningfully challenge the IJ's determination that she failed to establish a well-founded fear of persecution.[1] Indeed, Vallejos-Salazar made no mention in her brief to the BIA of the IJ's finding that her fear of future harm was not objectively reasonable considering the passage of time and that the past threats were vague and not acted upon. She therefore failed to exhaust this claim before the agency, and because the government asserts non-exhaustion, we are precluded from reviewing it.[2] *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). Thus, we deny the petition for review with respect to Vallejos-Salazar's asylum and withholding claims.

---

[1] Vallejos-Salazar conceded on appeal that the harm she experienced in the past did not rise to the level of persecution.

[2] Vallejos-Salazar does not argue, at any point in her appellate briefing, that the BIA's affirmance of the IJ's determination was erroneous; thus, this issue is also forfeited. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (deeming an issue forfeited, and declining to consider that issue, when not specifically and distinctly argued in the opening brief).

2. Substantial evidence supports the agency's determination that Vallejos-Salazar did not establish eligibility for CAT relief. Those seeking CAT protection must show that it is more likely than not that they will be tortured by or with the acquiescence of a public official in their native country. *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017). Vallejos-Salazar has never disputed the IJ's finding that she had not demonstrated past torture, "ordinarily the principal factor" in assessing whether an applicant is likely to experience future torture. *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005). Moreover, Vallejos-Salazar has not demonstrated "that it is more likely than not that [she] will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted). The Peruvian police accepted a report that she lodged concerning her extortion experience but informed her that they could not move forward without identifying information or evidence of physical harm. This alone is insufficient to establish government acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime. Instead, there must be evidence that the police are unable or unwilling to oppose the crime."). Moreover, the country conditions evidence regarding the corruption of the Peruvian police is insufficient to compel the conclusion that Vallejos-Salazar would face torture in Peru, particularly given that

24-4165

the same evidence suggests that the Peruvian government has made concrete efforts towards holding government officials responsible for wrongdoing. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (denying petition for review because country conditions evidence acknowledging "crime and police corruption in Mexico generally" did not demonstrate that the petitioner faced a "particularized, ongoing risk of future torture").

**PETITION DENIED.**